UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
GUILLERMO AHUATL HERNANDEZ,                :
                                            :
                Plaintiff,                :
                                            :
            -against-                  :      COMPLAINT
                                            :
CAFE RENAISSANCE LLC d/b/a CAFE            :
RENAISSANCE, CAFE RENAISSANCE II LLC       :
d/b/a CAFE RENAISSANCE, CAFE G.A. LLC      :
d/b/a CAFE RENAISSANCE, and SHAUL          :
ASHKENAZI,                                  :
                                            :
                Defendants.               :
------------------------------------------------------------------ X

Plaintiff Guillermo Ahuatl Hernandez ("Plaintiff" or "Hernandez"), by his attorneys, Pechman Law Group PLLC, complaining of defendants Cafe Renaissance LLC d/b/a Cafe Renaissance ("Cafe Renaissance I"), Cafe Renaissance II LLC d/b/a Cafe Renaissance ("Cafe Renaissance II"), Cafe G.A. LLC d/b/a Cafe Renaissance ("Cafe G.A.") (collectively "Cafe Renaissance"), and Shaul Ashkenazi (collectively with Cafe Renaissance, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Hernandez worked at Cafe Renaissance as a cook.

2. Throughout his employment, Defendants paid Hernandez a set weekly salary and failed to pay him overtime compensation for the hours he worked over forty hours per workweek as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL").

3. Defendants also failed to pay Hernandez spread-of-hours pay and provide him with wage notices or wage statements, in violation of the NYLL and the New York Wage Theft Prevention Act ("WTPA").

4. Hernandez brings this action to recover unpaid overtime wages, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to the FLSA, NYLL, and WTPA.

## JURISDICTION

5. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because all events giving rise to this action and alleged in the Complaint occurred at Cafe Renaissance, which is located, and operated by Defendants, in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

7. Hernandez resides in Brooklyn, New York.

8. Defendants employed Hernandez as a cook at Cafe Renaissance from approximately 2006 to October 25, 2016.

**LLC Defendants**

9. Defendants Cafe Renaissance LLC, Cafe Renaissance II LLC and Cafe G.A. LLC are New York limited liability companies that own, operate, and do business as Cafe Renaissance, a Kosher Italian restaurant located at 802 Kings Highway, Brooklyn, New York 11223.

10. Cafe Renaissance has employees engaged in commerce or in the production of goods for interstate commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. Cafe Renaissance had an annual gross volume of sales in excess of $500,000 in 2014, 2015, and 2016.

12. Cafe Renaissance is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Defendant Shaul Ashkenazi**

13. Shaul Ashkenazi ("Ashkenazi") owns Cafe Renaissance.

14. Ashkenazi is listed on New York State's Department of State website as the individual authorized to accept service of process on behalf of each of the LLC Defendants.

15. Ashkenazi is listed as a principal on the New York State Liquor License for Cafe Renaissance.

16. Throughout Hernandez's employment, Ashkenazi had the authority to hire and fire employees, direct the manner in which employees performed their daily duties and assignments, and establish and implement the pay practices and work and scheduling policies at Cafe Renaissance.

17. Ashkenazi reviewed employee schedules and set employees' pay rates.

18. Ashkenazi distributed employees' weekly wages.

19. Ashkenazi hired Hernandez in 2006.

20. Ashkenazi fired Hernandez from Cafe Renaissance on October 25, 2016.

21. Ashkenazi is an "employer" within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

22. From approximately 2006 to October 25, 2016, except for a two-week period in 2008, Defendants employed Hernandez as a cook at Cafe Renaissance.

23. Cafe Renaissance serves a wide variety of kosher pizza, Italian food, sushi and other miscellaneous fare, and has been included in the "Great Kosher Restaurants" Magazine.

24. Cafe Renaissance's website, caferenaissancebk.com, lists its hours of operation as Sunday through Thursday, 12:00 p.m. to 10:30 p.m. and Saturday from 1 hour after Shabbat (the Jewish weekly day of religious observance) to 12:00 a.m. Cafe Renaissance is closed on Friday, for Shabbat.

25. From approximately 2006 to summer 2014, Hernandez worked a regular schedule at Cafe Renaissance of Sunday through Thursday, from 11:00 a.m. to 11:00 p.m., and Saturday, from either 6:00 p.m. in the winter or 9:00 p.m. at all other times, to either 12:00 a.m. or 1:00 a.m., totaling between sixty-three to sixty-seven hours per week.

26. From in or about summer 2014 to October 25, 2016, Hernandez worked a regular schedule at Cafe Renaissance of Sunday through Thursday, from 12:00 p.m. to 10:30 p.m., and Saturday, from either 6:00 p.m. in the winter or 9:00 p.m. at all other times, to either 12:00 a.m. or 1:00 a.m., totaling between fifty-five and one-half (55.5) hours per week to fifty-nine and one-half (59.5) hours per week.

27. Two or three times per month during the slower summer months of May through September, Defendants reduced Hernandez's hours, typically by cutting his work shift on Saturday or Sunday.

28. From approximately the start of 2010 through the end of 2011, Defendants paid Hernandez a weekly salary of $820.00.

29. From approximately the start of 2012 through the end of 2013, Defendants paid Hernandez a weekly salary of $860.00.

30. From approximately the start of 2014 until November 2015, Defendants paid Hernandez a weekly salary of $890.00.

31. From approximately November 2015 through October 25, 2016, Defendants paid Hernandez a weekly salary of $930.00.

32. If Hernandez missed a day of work, or Defendants reduced the number of days he worked, Defendants reduced his salary based on a daily rate.

33. Defendants did not pay Hernandez at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

34. Defendants did not compensate Hernandez with one hour's pay at the basic minimum hourly wage rate for each day his shift spread over more than ten hours.

35. Defendants paid Hernandez his wages weekly in cash or, rarely, in a personal check, without accompanying accurate wage statements including, *inter alia*, Hernandez's regular and overtime hourly rates of pay and hours worked.

36. Defendants did not furnish Hernandez with a wage notice whenever there was a change in his wage rate.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

37. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

38. Defendants are employers within the meaning of the FLSA.

39. Throughout his employment, Hernandez was engaged in interstate commerce or in the production of goods for interstate commerce on behalf of Defendants.

40. Hernandez is a non-exempt "employee" within the meaning of the FLSA.

41. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207 *et seq.*

42. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

43. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

44. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

45. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

46. Hernandez is a non-exempt "employee" within the meaning of the NYLL.

47. Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4, Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly wage rate for all hours that he worked in excess of forty per workweek.

48. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

49. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay plaintiff overtime wages.

50. Due to Defendants' willful violations of the NYLL and supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. Part 146, Plaintiff is entitled to recover his unpaid overtime wages,

reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

51. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

52. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

53. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated Section 650 *et seq.* of the NYLL and its supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 137-3.10, and 146-1.6.

54. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute as unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York WTPA – Failure to Provide Wage Notices)

55. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

56. The WTPA, as incorporated into the NYLL, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide each employee with a written notice of his or her wage rate, in the employee's native language, at the time of hire and whenever there is a change to the employee's rate of pay.

7

57. In violation of NYLL § 191, Defendants failed to furnish Plaintiff, whenever there was a change to rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

58. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**FIFTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

59. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

60. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

61. Throughout Plaintiff's employment with defendants, Defendants paid Plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

8

62. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL regulations;

    b.    declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL regulations;

    c.    declaring that Defendants have violated the notice and record-keeping provisions of the FLSA, NYLL and WTPA;

    d.    declaring that Defendants willfully violated the FLSA and NYLL;

    e.    enjoining future violations of the FLSA and NYLL by Defendants;

    f.    awarding Plaintiff damages for unpaid overtime wages;

    g.    awarding Plaintiff damages for unpaid spread-of-hours wages;

    h.    awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

    i.    awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with accurate wage statements pursuant to the NYLL and the WTPA;

    j.    awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with wage notices pursuant to the NYLL and the WTPA;

    k.    awarding Plaintiff pre-judgment interest pursuant to the NYLL;

    l.    awarding Plaintiff post-judgment interest as required under 28 U.S.C. § 1961(a);

m. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

n. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 30, 2017

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Lillian M. Marquez
488 Madison Avenue, 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
Fax: (212) 308-8582
pechman@pechmanlaw.com
marquez@pechmanlaw.com
*Attorneys for Plaintiff*